# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTHONY T. ARMIJO,

        Petitioner,

vs.                                                                        No. CV 18-00423 JCH/CG

CHIEF TOM RUIZ, METRO
DETENTION CENTER,

        Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Anthony T. Armijo. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, *Anthony T. Armijo v. George Tapia, Warden, et al.,* No. CV 07-01066 JCH/WPL, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding, raising fifteen issues, including prosecutorial misconduct, ineffective assistance of counsel, and denial of due process, all arising out of the claimed failure of the State of New Mexico to perform DNA analysis. *See* CV 07-01066 Doc. 1; *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.) Armijo subsequently chose to narrow the scope of the proceeding to assert all of the DNA analysis claims as a single issue. CV 07-01066 Doc. 19. The Court denied a writ of habeas corpus on the merits and dismissed the petition with prejudice. (CV 07-01066 Doc. 26,

31, 32). On appeal, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (CV 07-01066 Doc. 39).

Petitioner now brings a new, second or successive, § 2254 petition raising issues of malicious prosecution, "perjured testimony" by the prosecutor during closing argument, denial of the right to and non-disclosure of DNA analysis, and ineffective assistance of counsel. (Doc. 1 at 5-10, 16-25). All of the issues raised by Armijo appear, again, to arise out of the same claimed failure of the State of New Mexico to perform DNA analysis that was presented and determined in Armijo's prior § 2254 proceeding.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Although he applies different titles to his claims, the factual basis of Armijo's arguments were clearly raised in his prior § 2254 proceeding. Compare Doc. 1 at 5, 7, 8, 10, 16-25 with CV 07-01066, Doc. 1 at 10-13. Petitioner's claims were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent any argument can be raised that Petitioner did not previously raise any asserted claim in his prior § 2254 Petition, Armijo does not rely on any new

constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for

lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED:**

(1) Petitioner Anthony T. Armijo's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**; and

(2) the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Anthony T. Armijo (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE